| | | | | |
|---|---|---|---|---|
| Case No. | CR 93-37 AWT | | Date | June 27, 2011 |

Present: The Honorable  AUDREY B. COLLINS, CHIEF UNITED STATES DISTRICT JUDGE

Interpreter  N/A

| Angela Bridges | Not Present | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| U.S.A. v. Ramin Bibian | | | | Not Present | | | |

**Proceedings:**   ORDER DENYING Motion to Vacate (In Chambers)

Pending before the Court is Defendant Ramin Bibian's Motion to Vacate, filed on March 28, 2011. (Docket No. 130.) The government opposed on June 6, 2011, and Defendant has filed no reply. The motion is **DENIED**.

On October 19, 1993, Defendant was found guilty by a jury of several crimes and, on January 10, 1994, he was sentenced to 21 months in prison and a 3-year term of supervised release. Those terms have expired. Now seventeen years after imposition of that sentence, Defendant moves the Court to vacate his conviction.

Defendant does not specify the procedural ground for his motion. While the Court previously construed Defendant's motion as one brought pursuant to 28 U.S.C. § 2255 (Docket No. 138), Defendant is not entitled to § 2255 relief because he is no longer "[a] prisoner in custody under a sentence established by Act of Congress." § 2255(a); United States v. Crowell, 374 F.3d 790, 794 (9th Cir. 2004). Rather, Defendant's only avenue for relief lies with a petition for a writ of error coram nobis or a petition for a writ of audita querela, both of which are only available to defendants who are no longer in custody. See id. ("[W]e have recognized that petitions for coram nobis and audita querela may provide relief for persons who have grounds to challenge the validity of their conviction but, because they are not yet in custody or are no longer in custody, are not eligible for relief pursuant to § 2255."). The Court therefore will construe his motion as brought pursuant to those theories.

A writ of error corum nobis may issue only when four criteria are met: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character." United States v. Monreal, 301 F.3d 1127, 1132 (9th Cir. 2002). It is intended only to "'correct errors of fact'" in "'extraordinary' cases" that present "circumstances compelling its use 'to achieve justice.'" United States v. Denedo, __ U.S. __, __, 129 S. Ct. 2213, 2220 (2009). A writ of audita querela requires a defendant to show a "legal defect" in the underlying sentence or conviction. Crowell, 374 F.3d at 795. The difference between these two writs is "largely 'one of timing, not substance'": "coram nobis could attach to a judgment that was infirm at the time it was rendered (for reasons that later came to light)," whereas "audita querela attached to a judgment that was correct when rendered, but was later rendered infirm by events that occurred after the judgment." Id. at 795 n.4.

Defendant's motion seeks to have his conviction and sentence set aside on the ground that his counsel provided ineffective assistance by: (1) failing to file a motion to suppress evidence; (2) failing to advise Defendant on elements of the charges and defenses; (3) failing to investigate mitigating facts; (4) failing to "use all available means to achieve a lower sentence"; and (5) failing to inform him of the possibility of deportation if he were convicted at trial, see Padilla v. Kentucky, __ U.S. __, __, 130 S. Ct. 1473, 1486 (2010) (holding that counsel was ineffective for failing to inform defendant that a consequence of his guilty plea was deportation).

The first four grounds do not support relief here because Defendant has offered no facts to demonstrate either how his counsel was ineffective for any of those reasons or how those alleged failures prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

The last ground based on Padilla also does not support relief. Although Padilla arose in the converse context of a defendant who entered a guilty plea without being counseled on the immigration consequences, see 130 S. Ct. at 1478, it could apply here, where Defendant claims that he would have pled guilty had he known about the immigration consequences of a conviction after trial, see United States v. Day, 285 F.3d 1167, 1172 (9th Cir. 2002) ("An attorney's incompetent advice resulting in a defendant's rejection of a plea offer can constitute ineffective assistance of counsel."). Defendant, however, must still show prejudice. See Padilla, 130 S. Ct. at 1486–87. Even assuming Defendant's counsel's performance was deficient by not telling him about any immigration consequences of a conviction following trial, Defendant's claim suffers from a fundamental defect: he has not alleged or produced evidence that he was offered and would have accepted a plea that would have avoided the deportation consequences he is now suffering, rather than opting to proceed to trial.[1]

Thus, Defendant has not demonstrated that a writ is justified to set aside his conviction and sentence on the grounds of ineffective assistance counsel. The motion is DENIED.

**IT IS SO ORDERED.**

**CC: USPO/PTS/USM**

|  | : |
|---|---|
| Initials of Deputy Clerk | AB |

---

[1] Even were Defendant able to muster facts to show prejudice here (which the Court doubts), this Court has recently ruled that Padilla does not apply retroactively, so Defendant's conviction and sentence would not be set aside based on the rule announced in Padilla. See Ejiogu v. United States, Case No. CR 08-0468 ABC, Docket No. 55 (following United States v. Aceves, Case No. 10-0738 SOM/LEK, 2011 WL 976706, at *3–4 (D. Haw. Mar. 17, 2011) and rejecting retroactive application of Padilla to dismiss time-barred § 2255 petition).